UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
PACCAR FINANCIAL CORP.,

                    Plaintiff,

      -v-                         3:21-CV-575

D&T TRUCKING, INC. and DAVID
WICKWIRE,

                  Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

APPEARANCES:               OF COUNSEL:

FISHKIN LUCKS LLP       STEVEN M. LUCKS, ESQ.
Attorneys for Plaintiff
500 7th Avenue-8th Floor
New York, New York 10018


FISHKIN LUCKS LLP       ZACHARY WINTHROP
Attorneys for Plaintiff          SILVERMAN, ESQ.
One Riverfront Plaza, Suite 410
Newark, New Jersey 07102

DAVID N. HURD
United States District Judge

## MEMORANDUM-DECISION and ORDER

On May 19, 2021, plaintiff PACCAR Financial Corp. ("PACCAR" or

"plaintiff") brought a three-count complaint against defendants D&T

Trucking, Inc. ("D&T") and David Wickwire ("Wickwire" and collectively

"defendants").  Those three counts are: (I) breach of contract; (II) unjust enrichment; and (III) account stated.

On March 10, 2017, D&T bought three trucks from nonparty Kenworth Sales Company ("Kenworth").  Dkt. 1 ("Compl.") ¶ 8.  The parties made the transaction official through a contract.  *Id.*  Obviously, that contract bound D&T as a party, but Wickwire also involved himself by executing a personal guaranty.  *Id.* ¶ 17.

According to the contract, D&T was required to make one down payment of $10,000, followed by sixty monthly payments of $6,623.73 beginning on April 24, 2017.  *Id.* ¶ 9.  Part of those monthly payments included a finance charge, which accrues daily at a yearly interest rate of 6.25%.  *Id.* ¶¶ 10-11.

The contract specifically notes that the timing of payments is at the heart of the contract, and that D&T's failure to make timely payments would amount to a default.  Compl. ¶ 12.  In case that exact outcome came to pass, Kenworth was given a security interest in the trucks, which allowed it to seize and sell them, provided it gave defendants ten days' notice.  *Id.* ¶¶ 13, 14.  Similarly, the contract allowed Kenworth to demand the entire balance due.  *Id.* ¶ 14.  Kenworth was also entitled by the contract to recover any attorney's fees and costs incurred recovering from D&T on a default.  *Id.* ¶ 16.

As an added wrinkle, the contract permitted Kenworth to assign its rights under the agreement to PACCAR.  Compl. ¶ 18.  Kenworth took advantage of

that provision on March 17, 2017, which is how plaintiff came to be involved. *Id.* Plaintiff wasted little time in perfecting its assigned security interests in the trucks Kenworth had sold to D&T. *Id.* ¶ 19.

As might be guessed from the need for litigation, at some point D&T failed to make at least one payment as required by the contract. Compl. ¶ 20. PACCAR demanded that both defendants comply with their obligations under the contract, but apparently neither did. *Id.* ¶ 21. As a consequence, plaintiff seized the trucks and sold them for $79,300.00 at a private sale on March 27, 2020. *Id.* ¶¶ 23-24. Plaintiff claims that it has not seen a dime out of either defendant since. *Id.* ¶ 26. Subtracting the proceeds from the sale from the rest of defendants' balance due, plaintiff alleges that defendants still owe it $120,734.32. *Id.* ¶ 25.

As noted above, PACCAR brought a complaint in this district to recover those costs on May 19, 2021. Dkt. 1. Neither defendant has yet responded. Accordingly, and at plaintiff's request, the Clerk of the Court entered a default against both defendants on June 25, 2021. Dkts. 12; 13. On July 28, 2021, plaintiff moved for default judgment under Federal Rule of Civil Procedure ("Rule") 55.

Under Rule 55, a district court may grant default judgment against a party for the failure to plead or otherwise defend an action. Fed. R. Civ. P. 55; *see Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 95 (2d Cir. 1993). A party

3

moving for default judgment must first attain an Entry of Default from the Clerk of the Court. Fed. R. Civ. P. 55(a). Once default is established, the Court must "accept all . . . factual allegations as true and draw all reasonable inferences in" the moving party's favor. *Finkel v. Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009). However, a district court still must determine whether the allegations and evidence establish the defendant's liability as a matter of law before default judgment can attach. *Id.*

Because PACCAR has already secured an entry of default against both defendants, all that is left is for the Court to determine whether the allegations of its complaint state a viable cause of action. To that end, the elements of plaintiff's Count I breach of contract claim are: (1) "the formation of a contract between the parties"; (2) "performance by the plaintiff"; (3) the defendant's failure to perform; and (4) resulting damages. *Johnson v. Nextel Commc'ns, Inc.*, 660 F.3d 131, 142 (2d Cir. 2011).

Applying those elements to the facts alleged in PACCAR's complaint, there can be little doubt that the parties entered into a contract. Compl. ¶ 8. Plaintiff has also alleged that it was assigned the contract after Kenworth provided the trucks to D&T, which means that its obligations under the contract were met. *See id.* ¶¶ 8, 18 (alleging that Kenworth sold trucks to D&T and that plaintiff was assigned Kenworth's rights under contract).

PACCAR similarly alleged that defendants breached their obligations by failing to make their payments.  Compl. ¶ 20.  By extension, plaintiff has alleged every element of a breach of contract, and its motion for default judgment must be granted as to that claim.

"[T]o succeed on a claim for unjust enrichment under New York law, a plaintiff must prove that (1) [the] defendant was enriched[;] (2) at [the] plaintiff's expense[;] and (3) equity and good conscience militate against permitting" the defendant to keep what it took from plaintiff.  *Diesel Props S.r.l. v. Greystone Bus. Credit II LLC*, 631 F.3d 42, 55 (2d Cir. 2011) (internal citations and quotation marks omitted).

By contrast, an account stated claim under New York law requires the plaintiff to "demonstrate the existence of a promise by a debtor to pay a stated sum of money which the parties had agreed upon as the amount due." *OOCL (USA) Inc. v. Transco Shipping Corp.*, 2015 WL 9460565, at *6 (S.D.N.Y. Dec. 23, 2015) (internal citations and quotation marks omitted).

But when a valid contract is the source of the injustice in an unjust enrichment claim or the promise to pay a stated sum in an account stated claim, a plaintiff's proper road to recovery is through breach of contract.  *See Marshall v. Hyundai Motor Am.*, 51 F. Supp. 3d 451, 471 (S.D.N.Y. 2014) (citation omitted).  In those circumstances, unjust enrichment and account

stated claims are duplicative of breach of contract claims and should be dismissed. *See id.*

In this case, PACCAR has already established a valid breach of contract claim against defendants by virtue of their default. Its unjust enrichment and account stated claims are therefore duplicative and must be dismissed. *See, e.g.*, *Cont'l Cas. Co. v. Contest Promotions NY, LLC*, 2016 WL 1255726, at *3-4 (E.D.N.Y. Mar. 28, 2016) (denying in part motion for default judgment and dismissing unjust enrichment and account stated claims as duplicative of breach of contract claim).

Accordingly, PACCAR is entitled to default judgment, but only on its claim for breach of contract. Only one issue remains to be resolved: whether the Court must conduct an inquest to determine the damages owed to plaintiff.

There is no such need. As PACCAR correctly argues, its damages are ascertainable on the face of the default judgment, obviating the need for an inquest. *C.H. Robinson Worldwide, Inc. v. Joseph Aiello & Sons, Inc.*, 2016 WL 4076964, at *4 (N.D.N.Y. Aug. 1, 2016) (noting that on default judgment a hearing to fix damages "is not required where the Court has found that there is a basis for the damages specified in the default judgment"). Specifically, PACCAR has presented damages calculated by the contract's specific terms in the amount of $120,734.32, plus 6.25% annual interest, which comes out to $5,064.15.

6

Similarly, PACCAR has concretely established the costs and attorney's fees incurred in securing that default judgment, uncommon as that remedy may be.  After all, under New York law, courts "should not infer a party's intention to provide counsel fees as damages for a breach of contract unless the intention to do so is unmistakably clear from the language of the contract."  *Mid-Hudson Catskill Rural Migrant Ministry, Inc. v. Fine Host Corp.*, 418 F.3d 168, 177 (2d Cir. 2005).

However, the contract's terms meet even that high standard.  By its plain terms, in the event of a breach defendants are on the hook for "the fees of any attorneys retained" by Kenworth as well as "all other legal expenses." Dkt. 1-1, p. 4.[1]  And of course, the assignment clause allowed PACCAR to take on all of Kenworth's rights.  *Id.* (allowing Kenworth to assign all rights under contract to plaintiff).  By extension, there is no doubt that plaintiff is entitled to attorney's fees under the express terms of the contract.

Putting those figures all together, PACCAR is entitled to: (1) $120,734.32 owed by defendants for the three trucks; (2) $5,064.15 in interest on that base

---

[1] Pagination Corresponds with CM/ECF.

amount; (3) $5,683.00 in attorneys' fees;[2] and (4) $717.00 in costs; for a total judgment of $132,198.47.

Therefore, it is

ORDERED that

1. Plaintiff PACCAR Financial Corp.'s Rule 55 Motion for Default Judgment is GRANTED in part and DENIED in part;

2. Plaintiff PACCAR Financial Corp. is entitled to default judgment on its Count I breach of contract claim;

3. Plaintiff PACCAR Financial Corp.'s claims under Counts: (II) unjust enrichment; and (III) account stated are DISMISSED as duplicative of plaintiff's breach of contract claim; and

4. Plaintiff is entitled to a judgment in the amount of $132,198.47.

The Clerk of the Court is directed to enter judgment accordingly and close the case file.

IT IS SO ORDERED.

---

[2] This number is less than the amount plaintiff requested in their moving papers, because plaintiff's amounts requested for the associates and paralegals far exceeded the amount typically afforded in this district. *See Perez v. Cty. of Rensselaer*, 2020 WL 1975069 (N.D.N.Y. Apr. 24, 2020) (noting that prevailing rates in this district are: (1) $250-350 for partners and other seasoned attorneys; (2) $165-200 for less experienced attorneys; and (3) $80-90 for paralegals). Accordingly, and upon considering every relevant factor to the propriety of attorney's fees, the Court finds that a rate of $200 per hour is appropriate for plaintiff's associate and that rates of $90 per hour are appropriate for plaintiff's paralegals. *See Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cty. of Albany*, 522 F.3d 182, 186 n.3 (2d Cir. 2008) (providing twelve factors for assessing reasonableness of attorney's fees).

Dated:  September 14, 2021
     Utica, New York.

David N. Hurd
U.S. District Judge